## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **PEDRO ALICEA**<br><br>*PLAINTIFFS*<br><br>vs.<br><br>**AIRBNB, INC.; ZURICH AMERICAN INSURANCE COMPANY; "JOHN DOE 1" TO "JOHN DOE 10"; "JOHN DOE 11" TO "JOHN DOE 20"**<br><br>*DEFENDANTS* | **CIVIL NO. :**<br><br>**TORT – DIVERSITY**<br><br>**TRIAL BY JURY REQUESTED** |

### COMPLAINT

**TO THE HONORABLE COURT**:

**COMES NOW** Pedro Alicea (hereinafter to as "Mr. Alicea" or "Plaintiff"), through the undersigned attorneys, and very respectfully states, alleges and prays:

### I.   NATURE OF THE ACTION

1. This is an action brought pursuant to 28 U.S.C. §1332, seeking damages, in negligence, for injuries sustained by Mr. Alicea, resident of and domiciled in the state of Florida, United States of America, as a result of a fall sustained by him, on December 26, 2023, in the property ("Property") located at E16 Camino Del Campo, Luquillo, Puerto Rico, which is owned, operated, managed, brokered, inspected, maintained, and was offered for rent, by defendant Airbnb, Inc. ("Airbnb"), a corporation organized under the laws of Delaware, with principal place of business at 888 Brannan Street, 4th Floor, San Francisco, California, 94103, and mailing address 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. Plaintiff seeks damages including, but not limited to, physical injuries, loos of consortium, emotional and physiological pain, economic damages and punitive damages in negligence against the defendants named hereinafter.

## II.     JURISDICTION AND VENUE

2. This Honorable Court has jurisdiction over the parties and the subject matter of this litigation pursuant to 28 U.S.C. § 1332, because all the parties on either part of the controversy are of diverse citizenship and the amount in controversy exceeds the sum of **SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00),** exclusive of interest and costs.

3. The facts set forth in this complaint are actionable under Articles 1536 and 1540 of the Civil Code of Puerto Rico.  *31 L.P.R.A. § 10801* and *§ 10805*.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391, as this action concerns acts that occurred within the Commonwealth of Puerto Rico.

5. Plaintiffs demand trial by jury.

## II.     THE PARTIES

### A.     PLAINTIFFS

6. Mr. Alicea is a retired veteran of legal age and at all material times was, and still is, a resident of and domiciled in the state of Florida, United States of America.

### B.     DEFENDANTS

7. Defendant Airbnb is a corporation organized under the laws of Delaware, with principal place of business at 888 Brannan Street, 4th Floor, San Francisco, California, 94103, and mailing address 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833. Plaintiff seeks damages including,.

8. At all times material to this action, Airbnb was the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property.

9. At all times material to this action, Airbnb had a legal duty of care to keep all facilities of the Property free of risks and dangerous conditions, and to take all reasonable and necessary measures to protect its tenants, renters, lessees, occupants, invitees and/or any other person who

legally used the Property and its facilities, including Plaintiff, against any foreseeable risk of injury or harm.

10. At all times material to this action, defendants "JOHN DOE 1" to "JOHN DOE 10" were persons or entities with residence and domicile in a state other than Florida that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property. Upon determination of the true name of defendants "JOHN DOE 1" to "JOHN DOE 10", Plaintiff herein will move forthwith to substitute their actual names for their fictitious name.

11. Defendant, Zurich American Insurance Company ("Zurich") is an entity incorporated in Schaumburg, Illinois, dedicated to the insurance business and with principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196, and mailing address PO Box 968017, Schaumburg, Illinois 60196.

12. At all times material to this action, Zurich had issued one or more insurance policies to Airbnb and/or the Property that cover risks and liabilities such as the ones described in this Complaint. As a result, Zurich is liable to Plaintiff for the events and damages described herein.

13. Defendants "JOHN DOE 11" to "JOHN DOE 20" are insurance companies that are residents of a state other than Florida and at all times material to this action, were and still are the insurers of Airbnb and/or the Property and/or "JOHN DOE 1" to "JOHN DOE 10" and had issued one or more insurance policies that cover risks and liabilities such as the ones described in this Complaint. As a result, they are liable to Plaintiff for the events and damages described herein. Upon determination of the true name of defendants "JOHN DOE 11" to "JOHN DOE 20", Plaintiffs herein will move forthwith to substitute their actual names for their fictitious name.

### III. FACTUAL BACKGROUND, NEGLIGENCE AND DAMAGES

#### A. Factual background

14. At all times material, the Property was and still is a rental property offered in the market for short and/or long term rental

15. On December 26, 2023, Mr. Alicea was a tenant and occupant of the Property, who had rented the Property to spend his Christmas vacation.

16. On that date, as Mr. Alicea was walking on the side terrace ("Terrace") of the Property, he slipped and fell as a result of an uneven floor caused by cracked and broken tiles ("Cracked Tiles").

17. The fall sustained by Mr. Alicea was caused solely by the dangerous condition created by the Cracked Tiles.

18. The aforementioned dangerous condition made it foreseeable that a person walking in the Terrace would sustain a fall. Nevertheless, said dangerous condition was not readily apparent to a reasonably prudent person walking in the Terrace.

19. After the aforementioned occurrence, Mr. Alicea was taken to the Emergency Room of the Caribbean Medical Center where he received treatment for his injuries

#### B. Negligence

20. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, had a duty of care to supervise, inspect, maintain and repair the Terrace, in a reasonably safe condition, in order to prevent its tenants, renters, lessees, occupants and invitees, such as Mr. Alicea, from being exposed to any foreseeable risk or peril of bodily injury, damage or harm.

21. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, had a duty of care to take any proper, reasonable

and necessary precautions or measures required to enclose, restrict or cordon off the area where the Cracked Tiles were located.

22. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, had a duty of care towards its tenants, renters, lessees, occupants and invitees, such as Mr. Alicea, to provide adequate supervision, training, guidance, and instructions, to its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, in order to ensure that they would take any proper, reasonable and necessary precautions or measures required to prevent any foreseeable risk or peril of bodily injury, damage or harm.

23. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, had a duty of care to provide adequate supervision, training, guidance, and instructions to its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, in order to ensure that they would take any proper, reasonable and necessary precautions or measures required to enclose, restrict or cordon off the area where the Cracked Tiles were.

24. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, knew or should have known, in the exercise of ordinary care, of the existence of the aforementioned dangerous condition in the Terrace.

25. Airbnb, as the entity that owned, operated, managed, brokered, inspected, maintained and offered for rent the Property, knew or should have known, in the exercise of ordinary care, of its failure to adequately supervise, train, guide, and instruct its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent.

26. Notwithstanding such knowledge and foreseeability, Airbnb failed to take the necessary measures and precautions to avoid and prevent an occurrence such as the one suffered by Mr. Alicea.

27. The fall and injuries of Mr. Alicea were solely due, among others, to one or more of the following negligent acts and/or omissions of Airbnb:

    a. failure to properly supervise, inspect, maintain and repair the Terrace;

    b. failure to keep the entire premises of the Terrace in a reasonably safe condition;

    c. failure to identify hazardous, perilous and/or dangerous condition in the Terrace;

    d. failure to keep the Terrace free from hazards, perils or dangers;

    e. take any proper, reasonable and necessary precautions or measures required to protect its tenants, renters, lessees, occupants and invitees from being exposed to any foreseeable risk or peril of bodily injury, damage or harm;

    f. failure to place adequate warnings regarding the aforementioned hazardous, perilous and/or dangerous condition;

    g. failure to take any proper, reasonable and necessary precautions or measures required to enclose, restrict or cordon off the area where the Cracked Tiles were;

    h. failure to select adequate and/or capable employees and/or agents and/or partners;

    i. failure to select adequate and/or capable persons or entities who use its services to offer in the market properties for rent;

j.  engaging in the business of offering in the market properties for rent that belong to persons that did not provide adequate and/or proper maintenance and/or repair to the properties been offered for rent;

k.  failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would properly supervise, inspect, maintain and repair the Terrace;

l.  failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would keep the entire premises of the Terrace in a reasonably safe condition;

m.  failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would identify hazardous, perilous and/or dangerous condition in the Terrace;

n.  failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would keep the Terrace free from hazards, perils or dangers;

o.  failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would take any proper, reasonable and necessary precautions or measures required to protect its tenants, renters, lessees, occupants and invitees from

being exposed to any foreseeable risk or peril of bodily injury, damage or harm;

p. failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would place adequate warnings regarding the aforementioned hazardous, perilous and/or dangerous condition;

q. failure to provide adequate supervision, training, guidance and instructions to ensure that its employees and/or agents and/or partners and/or persons or entities using its services to offer in the market properties for rent, would take any proper, reasonable and necessary precautions or measures required to enclose, restrict or cordon off the area where the Cracked Tiles were;

r. failure to take any and all necessary steps and precautions to avoid and prevent the occurrence suffered by Mr. Alicea.

28. It was reasonably foreseeable to Airbnb that its failure to comply with its duties, and that its aforementioned negligent acts and/or omissions, could cause its tenants, renters, lessees, occupants and invitees to suffer bodily injury, damage and harm, as those occasioned to and suffered by Mr. Alicea.

29. The sole and exclusive negligence of Airbnb was the proximate and adequate cause of the injuries, damages and losses suffered by Mr. Alicea.

30. As a result thereof, Airbnb is responsible and liable to Mr. Alices for his injuries.

C. **Damages**

31. As a direct result of the aforementioned occurrence, Mr. Alicea was seriously injured and suffered multiple serious traumas to his body including, but not limited to, trauma to his shoulders, arms, waist, back, knees and legs.

32. As a direct result of the aforementioned injuries, Mr. Alicea diagnosed, among other things, with the following conditions: open fracture of distal phalanx of right thumb; and, open dislocation of interphalangeal joint of right thumb.

33. As a direct result of the foregoing, Mr. Alicea has sustained and will continue to sustain in the future severe and great physical pain. The physical injuries that he sustained as a result of the fall have permanently and partially disable him, which disability is progressive in nature and has been found to be 2% Whole Person Impairment.

34. As a direct result of the aforementioned occurrence, Mr. Alicea has sustained and will continue to sustain in the future severe mental, moral, psychological, spiritual and emotional distress, pain and suffering.

35. As a direct result of the aforementioned occurrence, Mr. Alicea has incurred and will incur in medical and other type of expenses.

## IV. TOLLING OF THE STATUTE OF LIMITATIONS

36. The fall sustained by Mr. Alicea occurred on December 26, 2023.

37. Plaintiff tolled the statute of limitations by extrajudicially claiming compensation from Airbnb and Zurich on December 13, 2024, for the damages that Plaintiff has and will suffer resulting from the accident described above..

## V. FIRST CAUSE OF ACTION

38. The preceding paragraphs are incorporated as if fully set forth herein.

39. As a direct result of the aforementioned occurrence, Mr. Alicea was seriously injured and suffered multiple serious traumas to his body including, but not limited to, trauma to his shoulders, arms, waist, back, knees and legs.

40. As a direct result of the aforementioned injuries, Mr. Alicea diagnosed, among other things, with the following conditions: open fracture of distal phalanx of right thumb; open dislocation of interphalangeal joint of right thumb.

41. As a direct result of the foregoing, Mr. Alicea has sustained and will continue to sustain in the future severe and great physical pain. The physical injuries that she sustained as a result of the fall have permanently and partially disable him, which disability is progressive in nature and has been found to be 2% Whole Person Impairment.

42. Mr. Alicea, for the aforementioned physical injuries and damages, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation a reasonable sum of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)**.

## VI.    SECOND CAUSE OF ACTION

43. The preceding paragraphs are incorporated as if fully set forth herein.

44. As a direct result of the aforementioned occurrence, Mr. Alicea has sustained and will continue to sustain in the future severe mental, moral, psychological, spiritual and emotional distress, pain and suffering.

45. As a direct result of the aforementioned occurrence, Mr. Alicea has sustained and will continue to sustain a loss of happiness, a loss of the capacity to enjoy life and the inability to maintain normal social and familial relationships.

46. Mr. Alicea, for the aforementioned severe mental, moral, psychological, spiritual and emotional distress, pain and suffering, loss of consortium, loss of happiness, loss of the capacity to enjoy life and the inability to maintain normal social and familial relationships, is entitled to recover from defendants, jointly and severally, is entitled to recover from defendants,

jointly and severally, as a full, just and fair compensation a reasonable sum of no less than **FIVE HUNDRED THOUSAND DOLLARS ($500,000.00).**

### VII.     THIRD CAUSE OF ACTION

47. The preceding paragraphs are incorporated as if fully set forth herein.

48. As a direct result of the aforementioned occurrence, Mr. Alicea has incurred and will incur in medical and other type of expenses.

49. Mr. Alicea, for the aforementioned expenses, is entitled to recover from defendants, jointly and severally, as a full, just and fair compensation, a reasonable sum of no less than **TWENTY-FIVE THOUSAND DOLLARS ($25,000.00).**

### VIII.    FORTH CAUSE OF ACTION

50. The preceding paragraphs are incorporated as if fully set forth herein.

51. Given that the conduct of Airbnb has shown a serious disregard for the safety of Mr. Alicea, he is entitled to the imposition of additional compensation as provided by Article 1538 of the Puerto Rico Civil Code.

### IX.     FIFTH CAUSE OF ACTION

52. The preceding paragraphs are incorporated as if fully set forth herein.

53. Under applicable law, Zurich and "JOHN DOE 11" to "JOHN DOE 20", pursuant to a contract or contracts of insurance, are liable to Plaintiff for a reasonable sum no less than the total of the ones claimed hereinbefore.

54. Plaintiff expressly demands judgment against codefendants Zurich and "JOHN DOE 11" to "JOHN DOE 20".

### X.      INTERESTS, ATTORNEY FEES AND COSTS

55. The preceding paragraphs are incorporated as if fully set forth herein.

56. In the event defendants deny their negligence or the damages suffered by Plaintiff, by assuming such reckless conduct Plaintiff is entitled to pre and post judgment interest to be

computed on the amounts recovered as a result of this complaint as well as costs, expenses and a reasonable amount of attorney's fees, as permitted by law.

## XI.  PETITION FOR RELIEF

**WHEREFORE,** it is respectfully requested from this Honorable Court that it grant the present Complaint, and it enter judgment against the defendants for the sums claimed herein.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 2nd day of September 2025.

**QUINTANA & SUÁREZ, L.L.C.**
**400 Calle Calaf**
**PMB 165**
**San Juan, Puerto Rico 00918-1314**
**Tel. 787-761-1067**
**787-761-1310**
**787-309-7531**
**Telefax  787-330-0015**
**mail: jorge@quintanasuarez.com**

**s/ Jorge R. Quintana-Lajara**
**Lcdo. Jorge R. Quintana Lajara**
**U.S.D.C. No 219203**

                                    **CARAZO QUETGLAS LAW OFFICES**
                                    **PMB 133**
                                    **Ave. Esmeralda #53, Ste. 2**
                                    **Guaynabo, PR 00969-4461**
                                    **Tel. (787) 707-0588**
                                    **E mail: jorge@jctuayudalegal.com**

                                    **s/ Jorge Carazo-Quetglas**
                                      **Jorge Carazo-Quetglas**
                                      **USDC-PR:     201305**